IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMAR RASHAWN WARNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 3:18-cv-8-WHA-SMD |
| LT. JOHNSON and CHIEF ALEXANDER, | )   [WO] ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Jamar Rashawn Warner, a pre-trial detainee confined in the Russell County Jail ("Russell"), brings this action under 42 U.S.C. § 1983. Doc. 1. Warner seeks a declaratory judgment and injunctive relief for alleged violations of his constitutional rights. Doc. 1 at 4. Defendants filed an answer, special report, supplements to their report, and supporting evidentiary materials refuting Warner's allegations. Docs. 12, 12-4, 12-5, 12-7, 19.[1]

The Court ordered Warner to file a response to Defendants' materials, and specifically instructed him to support his answer with sworn affidavits or other evidentiary materials "demonstrating there is a genuine issue of material fact for trial in this case." Doc. 20 at 3. The Court also notified the parties that, upon the expiration of Warner's time

---

[1] Defendants argue that Warner's failure to exhaust his administrative remedies as an affirmative defense. Warner counters that he properly exhausted the administrative remedy in effect at the time his cause of action arose because the applicable grievance procedure did not entail an appeal process. Doc. 26 at 2. The undersigned finds that Warner's assertion is supported by the record. Doc. 28-1 at 11. The undersigned therefore proceeds to the merits of Warner's claims.

to file a response, the Court would construe Defendants' materials as a motion for summary judgment and consider Warner's response in ruling on the motion. *Id.* Warner, in turn, filed a response to Defendants' materials. Doc. 26. Defendants then filed a second supplemental special report regarding the medical treatment provided to Warner. Doc. 37. The Court provided Warner with an opportunity to respond, Doc. 32, but to date, Warner has not filed a response.

Accordingly, the undersigned Magistrate Judge construes Defendants' materials as a motion for summary judgment, Docs. 12, 14, 19, 37, and for the following reasons, RECOMMENDS that Defendants' Motion for Summary Judgment be GRANTED.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of a claim determine which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact would not affect the outcome of the case under the governing law. *Id.*

A court must view the proffered evidence in the light most favorable to the nonmovant and resolve all reasonable doubts about the facts in the nonmovant's favor. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242–43 (11th Cir. 2001). The nonmovant must produce sufficient evidence to enable a jury to rule in his favor; a mere

scintilla of evidence in support of a position is insufficient. *Id.* at 1243. In sum, summary judgement is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (quoting *City of Delray Beach, Fla. v. Agric. Ins. Co.*, 85 F.3d 1527, 1530 (11th Cir. 1996)).

## II.   DISCUSSION

Warner alleges three overarching violations of his constitutional rights: (1) unlawful retaliation, (2) inadequate access to the courts, and (3) deliberate indifference to a serious medical need. The undersigned addresses each claim in turn.

### A.   Unlawful Retaliation

First, Warner alleges that he was placed on maximum security lockdown in retaliation for filing a previous lawsuit about his conditions of confinement. Doc. 1 at 2. The First Amendment "prohibits state officials from retaliating against prisoners for exercising their right of free speech. *Thomas v. Evans*, 880 F.2d 1235, 1241–42 (11th Cir. 1989). To present a cognizable First Amendment retaliation claim, an inmate must establish that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [defendants'] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

The second element "presents an objective standard and a factual inquiry." *Id.* With respect to the third element, a prisoner must demonstrate that jail officials intended to

3

retaliate for his exercise of a right protected under the First Amendment and, but for the retaliatory motive, the adverse action would not have occurred. *See, e.g.*, *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Smith*, 532 F.3d at 1278. This inquiry focuses on the subjective motivation of the defendants. *Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir. 1999). The question is "whether the defendants were subjectively motivated to discipline" an inmate for engaging in protected activity. *Smith*, 532 F.3d at 1278.

An inmate has the initial burden of establishing a prima facie case of unlawful retaliation by showing "that his conduct was constitutionally protected and that this conduct . . . was a 'motivating factor'" behind the adverse action. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Conclusory allegations are insufficient to establish a prima facia case of unlawful retaliation. *Graham v. Henderson*, 89 F.3d 75, 81 (2d Cir. 1996). If an inmate establishes a prima facia case, the burden of production shifts to the defendants to show that the adverse action would have occurred "even in the absence of the protected conduct." *Mt. Healthy*, 429 U.S. at 287. If the defendants meet their burden, the inmate does not have a cognizable retaliation claim under the First Amendment. *Smith*, 532 F.3d at 1278 n.22.

Here, Warner has failed to establish a prima facia case of retaliation. There is nothing in the record indicating that Warner's placement in maximum security would deter an ordinary inmate from filing a lawsuit. Rather, the opposite appears true considering that Warner indeed filed the instant action. Moreover, Warner has failed to show a causal connection between his filing of his previous lawsuit and his placement in maximum security. Warner offers only conclusory allegations of retaliation, which as explained

4

above, fail to establish a cognizable retaliation claim. Because Warner has failed to establish a prima facia case of retaliation, his claim fails as a matter of law.

Assuming Warner has established a prima facia case, he still does not have a cognizable retaliation claim. Defendants have provided evidence that Warner would have been placed in maximum security in the absence of the protected conduct. Defendants explain that Warner was placed in maximum security due to the violent nature of the criminal charges pending against him. Accordingly, even assuming Warner has established a prima facia case, his unlawful retaliation claim fails as a matter of law.

### B. Inadequate Access to the Courts

Warner next contends he received constitutionally inadequate access to the courts. Specifically, he alleges that, on December 15, 2017, he did not receive his legal mail in a timely fashion. Doc. 1 at 3. He explains that he did not receive that day's mail until the following morning. *Id.* Warner further alleges that, in December 2017, he did not have access to a law library because the computer kiosk system was "down." Doc. 1 at 4.

The right of access to the courts prohibits state prison officials from actively interfering with an inmate's attempt to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). An inmate, however, has no fundamental constitutional right to law libraries or legal assistance programs. *Id.* at 351. Rather, law libraries and legal assistance programs are "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* (internal quotation marks omitted). To establish a claim of inadequate access to the courts,

an inmate must show an actual injury arising from the alleged inadequacy. *Id.* at 349. A mere claim of a systemic defect does not show actual injury. *Id.*

Here, Warner presents only conclusory allegations of a constitutional violation. Warner fails to show that the untimely distribution of his legal mail or inability to access the law library in December 2017 adversely affected his efforts to pursue nonfrivolous legal claims. Warner's claim therefore fails as a matter of law.

### C. Deliberate Indifference to a Serious Medical Need

Finally, Warner asserts that he received constitutionally inadequate medical treatment while incarcerated at Russell. The complained of actions occurred while Warner was confined at Russell as a pretrial detainee. "[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Cnty*, 774 F.2d 1567, 1574 (11th Cir. 1985). As to these claims, the Eleventh Circuit has held that "the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). Warner's claims are therefore subject to review under the Due Process Clause of the Fourteenth Amendment, which prohibits the imposition of punishment on those who have not yet been convicted of a crime, rather than the Eighth Amendment's prohibition against cruel and unusual punishment.

To succeed on a claim of deliberate indifference to a serious medical need, a prisoner plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate

indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). When seeking relief based on deliberate indifference, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

With respect to the objective component, a plaintiff must first show "an objectively 'serious medical need[]' . . . and second, that the response made by [the defendants] to that need was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnos[is] or treat[ment],' or even '[m]edical malpractice' actionable under state law." *Id.* (internal citations omitted). An allegation of negligence is insufficient to state a due process claim. *Simpson v. Holder*, 200 F. App'x 836, 839 (11th Cir. 2006). With respect to the subjective component, "a plaintiff must demonstrate that the public official acted with an attitude of deliberate indifference . . . which is in turn defined as requiring two separate things: aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists [] and . . . draw[ing] of the inference[.]" *Taylor*, 221 F.3d at 1258 (internal quotation marks and citations omitted) (alterations in original).

Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," does not establish a claim of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). When medical personnel attempt to diagnose and treat an inmate, the fact that the chosen treatment was

7

ineffective does not give rise to a deliberate indifference claim. *Massey v. Montgomery Cnty Det. Facility*, 646 F. App'x 777, 780 (11th Cir. 2016). "Whether government actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (internal quotation marks omitted). A difference of opinion as to how a condition should be treated does not give rise to a deliberate indifference claim. *Hamm*, 774 F.2d at 1575. Neither does such a claim arise where an inmate is denied a referral to an outside physician for evaluation. *Amarir v. Hill*, 243 F.App'x 353, 354 (9th Cir. 2007). An inmate's self-serving affidavit does not "create a question of fact in the face of contradictory, contemporaneously created medical records." *Whitehead v. Burnside*, 403 F.App'x 401, 403 (11th Cir. 2010).

Here, the summary judgment record shows that Defendants are not trained medical professionals and that they defer to Russell's health care providers for decisions regarding an inmate's medical treatment. Doc. 37-1 at 3; Doc. 37-2 at 3. The record further shows that Warner had continuous access to health care personnel and received treatment from medical professionals during the time relevant to this action. Medical records and affidavits demonstrate that medical personnel at Russell evaluated Warner for his complaints of headaches and chest pains, assessed his need for treatment, provided him

treatment in accordance with their professional judgment, and prescribed him medications to assist his treatment.[2]

Having reviewed these materials and the record as a whole, the undersigned concludes that Warner did not receive constitutionally inadequate medical care. Warner has failed to present any evidence indicating that Defendants knew that the manner in which prison medical staff treated Warner created a substantial risk to his health. Neither is there any evidence that Defendants knowingly disregarded such a risk. The fact that Warner believed medical personnel at Russell should have ordered additional diagnostic testing is immaterial because such a decision is a classic example of medical judgment that does not give rise to liability. *See Adams*, 61 F.3d at 1545.

To the extent Warner's complaint can be construed to assert that Defendants should have intervened in the treatment he received, he is not entitled to relief. "The law does not impose upon [jailers] a duty to directly supervise health care personnel, to set treatment policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong." *Cameron v. Allen*, 525 F.Supp.2d 1302, 1307 (M.D. Ala. 2007). Additionally, supervisory officials "are entitled to rely on medical judgments made by medical professionals responsible for prisoner care. *Id.* Defendants are therefore not liable for the treatment Warner received.

To the extent Warner seeks to hold Defendants vicariously liable, he is not entitled to relief. Respondeat superior cannot establish liability under 42 U.S.C. § 1983. *Ashcroft*

---

[2]The undersigned takes judicial notice of the documents and medical records filed in *Warner v. Dyer*, Civil Action No. 3:17-cv-828-WHA-SMD (M.D. Ala.) and utilizes relevant information contained in those documents in reaching this recommendation.

*v. Iqbal*, 556 U.S. 662, 676 (2009). Neither can a theory of vicarious liability establish a claim under § 1983. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Instead, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. As explained above, Warner has failed to adduce evidence showing that he received constitutionally inadequate medical treatment.

### III. CONCLUSION

For these reasons, the undersigned Magistrate Judge RECOMMENDS that:

1. Defendants' Motion for Summary Judgment (Docs. 12, 14, 19, 37) be GRANTED.

2. Judgment be GRANTED in favor of Defendants.

3. This case be dismissed with prejudice.

4. Other than the filing fee assessed to Warner, no costs be taxed.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **March 2, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of February, 2021.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE